■ Yvonne J. Clemens, Respondent, v William B. Clemens, Jr., Appellant.—In a matrimonial action in which the parties were divorced by judgment dated December 3, 1982, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered October 23, 1985, as directed him to pay the plaintiff wife's attorneys the sum of $2,500 in counsel fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's application for counsel fees is denied.

The award of counsel fees to the plaintiff's attorneys was improper under the circumstances, inasmuch as the parties, in their stipulation of settlement, expressly agreed "to be solely responsible for, and to pay * * * the fees of their respective attorneys for all legal services rendered to each of them * * * in connection with the negotiation, preparation, and execution of [the] stipulation, *for all services incidental thereto,* and for all legal services rendered in connection with this action" (emphasis supplied).

The counsel fees involved in this appeal were generated in opposing an application, submitted by the defendant, concerning the question of whether the plaintiff had breached her obligations under the stipulation of settlement. Since the subject matter of the dispute involved an issue incidental to the stipulation, the plaintiff, pursuant to the terms of that

agreement, is responsible for the payment of her own counsel fees.

Although the stipulation further provided that a party, in the event of his or her breach or default in the performance of any of the conditions provided in the stipulation, would be responsible for counsel fees, there is no allegation in this case that the defendant had failed to fulfill his obligations; therefore, that provision of the stipulation of settlement is not applicable here. Mollen, P. J., Brown, Weinstein and Eiber, JJ., concur.