■ CHRISTINE MILLARD, Respondent, v ROBERT B. MILLARD, Appellant. [667 NYS2d 714] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on July 23, 1996, which granted the wife's motion for attorney's fees to the extent of awarding her $110,000 and denied the husband's motion for attorney's fees, unanimously modified, on the law, to deny the wife's motion and the matter remanded for further proceedings in accordance with this memorandum.

While we are most reluctant to prolong this matter, as to which the parties appear to be completely willing to bring before the court virtually any disagreement, no matter how minor, and which has already consumed an inordinate proportion of the IAS Court's resources in its ultimately successful efforts to effect a settlement of the apparently endless disputes between these parties, we must nevertheless find that the award of attorney's fees pursuant to Domestic Relations Law § 237 did not comport with the provisions of the parties' separation agreement and must therefore be set aside.

The provisions of the agreement relating to attorney's fees relevant herein provide generally that such fees are waived. However, an exception to that waiver provides:

"ARTICLE XXIV

"Defaults

"1. In the event that either party defaults with respect to any payment to be made under this Agreement, or with respect to any other obligation under this Agreement, and such default is not remedied within ten (10) days after the sending of a written notice by certified mail to the defaulting party specifying such default, the defaulting party agrees to reimburse the other party for any and all expenses, costs, and attorney's fees resulting from or made necessary by the bringing of any suit or other proceeding to secure such payment or

enforce any such obligation, provided such suit or other proceeding results in a judgment, decree, award, or order in favor of the non-defaulting party.

"2. For the purpose of this Agreement, it is understood and agreed that in the event that either party shall institute a suit or other proceeding against the other to enforce any of the terms, covenants, or conditions of this Agreement, and after the institution of such action or proceeding and before judgment is or can be entered the defaulting party shall comply with such term or condition of the Agreement, the suit, motion, or proceeding shall be deemed to have resulted in a judgment, award, decree, or order in favor of the complaining party.

"3. In any proceeding to alter or amend the visitation or custodial provisions of this Agreement, the court shall award costs and reasonable attorney's fees to the prevailing party."

All of the attorney's fees at issue here were sought pursuant to paragraph 3. Initially, we note that the IAS Court has already determined what portion of the attorney's fees sought were not in connection with proceedings that were to amend the custody or visitation provisions and has denied recovery as to those fees. We find no reason to disturb that finding.

However, the IAS Court also found that, as to the fees sought in connection with the custody or visitation provisions, because the parties had ultimately settled all of their disputes, there was no prevailing party and that, as a result, neither party was entitled to attorney's fees under the agreement. It then awarded attorney's fees to the wife pursuant to Domestic Relations Law § 237.

In light of the general waiver of attorney's fees in the separation agreement, we find that the IAS Court erred in awarding attorney's fees pursuant to the statute, after finding that the exception to that waiver was inapplicable. However, we also find that the fact that the parties settled their disputes does not necessarily preclude an award pursuant to the language of the agreement. Contrary to the IAS Court, we do not find that there can never be a "prevailing party" within the meaning of this agreement merely because there has been a settlement. In particular, we note that paragraph 3 of article XXIV of the parties' agreement does not require, as does paragraph 1 or 2, that a suit or other proceeding have been brought that has either resulted in a "judgment, decree, award, or order" or in the prejudgment compliance by the defaulting party. It requires only that one party have "prevail[ed]". Clearly, had the parties intended that the same formalities apply to their disputes under paragraph 3 as to their disputes under paragraph 1, they would not have used such drastically different language.

We therefore vacate the award of attorney's fees pursuant to Domestic Relations Law § 237 and remand for a finding as to what percentage, if any, of the attorney's fees that were awarded was connected to claims in which plaintiff prevailed, in which case plaintiff is entitled to an award of attorney's fees as to those claims, and whether any of the fees sought by defendant were connected to claims in which he prevailed, in which case he is entitled to an award of attorney's fees as to those claims. Concur—Ellerin, J. P., Williams, Andrias and Colabella, JJ.