■ SAM GARDO, Respondent-Appellant, v MICHELLE RADOMINSKI, Appellant-Respondent. [676 NYS2d 371] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant appeals from so much of the judgment of divorce as denied her counterclaim seeking to have child support based on the Child Support Standards Act (CSSA) rather than incorporating the parties' stipulation in the judgment of divorce. Plaintiff has cross-appealed from so much of that judgment as awarded defendant counsel fees.

The parties entered into a stipulation in February 1989, before the enactment of the CSSA, providing, *inter alia*, for child support and for the parties to be responsible for their

own counsel fees in the then-pending action for separation and in any subsequent action for divorce. Although the stipulation was incorporated but not merged in the separation judgment, the divorce action is a new proceeding, and the issue presented is whether the stipulation insofar as it sets child support should be incorporated in the divorce judgment or whether the court should determine child support de novo. The CSSA does not directly affect pre-CSSA agreements (see, Scheinkman, 1989 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1998 Supp Pamph, Domestic Relations Law C240:27, at 438).

The law in effect at the time of the stipulation authorized the court to refuse to incorporate into a divorce judgment an agreement's provisions with respect to child support and to make a child support award if the best interests of the child required an increase in the amount to which the parties had stipulated (see, Brock v Brock, 4 AD2d 747; 4A Brandes, Law and the Family New York § 2:113 [2d ed 1997]). Where the child support provisions were not fair when made or were inadequate, a court was required to make its own determination (see, Moat v Moat, 27 AD2d 895). In this case, the Referee held a hearing on defendant's counterclaim and found that defendant's proof was conclusory and legally insufficient to show that the child's needs were not being met adequately. The record supports those findings.

The court erred in granting defendant counsel fees because the terms of the stipulation concerning counsel fees are applicable. We therefore modify the judgment by vacating the last decretal paragraph. (Appeals from Judgment of Supreme Court, Erie County, Michalek, J.—Support.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.