■ ROBIN ARATO, Respondent, v PETER ANTHONY ARATO, Appellant. [790 NYS2d 203]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Schaffer, R.), entered November 20, 2002, as, upon a decision of the same court dated April 30, 2001, made after a hearing, directed him to pay the plaintiff the sums of $1,538 per month in child support, $70,945 in arrears, and $10,000 as an attorney's fee.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding an attorney's fee in the sum of $10,000; as so modified, the judgment is affirmed insofar as appealed from, with costs.

The plaintiff former wife and the defendant former husband were married in 1985 and have one child. The plaintiff commenced this action for a divorce and in 1996 the parties entered into a stipulation of settlement (hereinafter the stipulation)

which set forth, inter alia, the defendant's child support and child care obligations. In 1999 the plaintiff moved, among other things, to set aside the child support provisions of the stipulation for failure to comply with the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [h]). The Supreme Court granted the motion, vacated the child support provisions, and referred the matter to a referee to hear and determine the child support obligation. Following the hearing, the Supreme Court entered judgment, inter alia, directing the defendant to pay the plaintiff the sums of $1,538 per month in child support, $70,945 in arrears, and $10,000 as an attorney's fee.

The Supreme Court properly determined that the stipulation failed to comply with Domestic Relations Law § 240 (1-b) (h), and that the provisions of the stipulation relating to child support were invalid (*see Backhaus v Backhaus,* 288 AD2d 411 [2001]; *Tolchin v Freeman,* 275 AD2d 452 [2000]; *Farca v Farca,* 271 AD2d 482 [2000]; *Tartaglia v Tartaglia,* 260 AD2d 628 [1999]). Furthermore, the record demonstrates that the Supreme Court considered the circumstances of the parties and the needs of the child when it determined the amount of child support. Accordingly, the Supreme Court providently exercised its discretion in making the determination (*see Matter of Cassano v Cassano,* 85 NY2d 649, 654-655 [1995]).

However, we find the award of an attorney's fee to the plaintiff was improper under the circumstances. Where a stipulation of settlement provides the basis for an award of an attorney's fee, the terms of the agreement control (*see Millard v Millard,* 246 AD2d 349 [1998]). Here, the relevant provisions of the stipulation, which the plaintiff did not seek to invalidate, precluded an award of an attorney's fee (*see Clemens v Clemens,* 130 AD2d 455, 456 [1987]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Luciano, JJ., concur.