■ In the Matter of MIRIAM BERNS, Respondent, v JOSEPH HALBERSTAM, Appellant. [848 NYS2d 323]—

In two related visitation proceedings pursuant to Family Court Act article 6, the father appeals from so much of an amended order of the Family Court, Kings County (Grosvenor, J.), dated March 23, 2007, as granted that branch of the mother's motion which was for an award of an attorney's fee for certain legal work performed on April 25, 2006 and August 17, 2006.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for an award of an attorney's fee for certain legal work performed on April 25, 2006 and August 17, 2006 is denied.

The parties entered into a settlement agreement on August 2, 2002 (hereinafter the agreement), which subsequently was incorporated but not merged into their judgment of divorce dated November 27, 2002. The judgment of divorce stated that the father would have scheduled visitation with the parties' two daughters pursuant to the agreement. The agreement provided,

inter alia, that the father would have visitation with his daughters on alternate weekends. The agreement also contained an article addressed to "Legal Representation and Counsel Fees" (article XXIV), and an article addressed to "Counsel Fees on Default" (article XXVI). Article XXIV provided that each party would pay his or her respective attorney for the rendition of services in connection with the agreement and the representation of him or her in "any lawsuit pending or to be commenced by and between the parties." Article XXVI, however, set forth two specific circumstances where one party must pay for the other party's attorney's fees.

The mother commenced these proceedings in the Family Court for modification of the visitation provision of the agreement, seeking to suspend the father's right to alternate weekend visitation. On October 25, 2006 the parties entered into a settlement of these proceedings on the record, whereby the father's visitation rights were modified. The mother moved for an award of an attorney's fee, not pursuant to article XXVI of the agreement, but rather pursuant to Family Court Act § 651 and Domestic Relations Law § 237 (b). In the order appealed from, the Family Court granted that branch of the mother's motion which was for an award of fees related to legal work performed on two dates where the father caused unnecessary delay in the proceedings. As in the proceedings before the Family Court, the parties disagree as to the scope of article XXVI and whether it allows for an award of counsel fees here.

Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control (see Arato v Arato, 15 AD3d 511, 512 [2005]). Where such an agreement is clear and unambiguous on its face, the parties' intent must be gleaned from the four corners of the agreement, and not from extrinsic evidence (see Clark v Clark, 33 AD3d 836, 837 [2006]). Whether a writing is ambiguous is a matter of law for the court (id.). "The proper inquiry when determining whether an agreement is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation' " (id., quoting Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). "Also, in deciding whether an agreement is ambiguous, the court 'should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed' " (id. at 837-838, quoting Kass v Kass, 91 NY2d 554, 566 [1998]).

Viewing articles XXIV and XXVI in conjunction with each other, the agreement is clear and unambiguous. Article XXIV is

a general waiver of attorney's fees, each party accepting responsibility to pay their respective counsel, and article XXVI sets forth two specific exceptions to the general waiver. The modification petition which is the subject of these proceedings did not give rise to one of the two specific instances where an award of attorney's fees would be contractually required under article XXVI (cf. *Sieratzki v Sieratzki*, 8 AD3d 552 [2004]). The modification petition is subject to the general waiver provisions of article XXIV, which preclude an award of attorney's fees in this instance (see *Arato v Arato*, 15 AD3d at 512; see also *Clemens v Clemens*, 130 AD2d 455, 456 [1987]). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.