■ In the Matter of BARBARA MAURER, Respondent, v ROBERT MAURER, Appellant. [869 NYS2d 159]—

The Family Court providently exercised its discretion in granting the mother's petition for child support. The Family Court properly determined each party's pro rata share of child support based on income below $80,000 (*see* Family Ct Act § 413 [1] [c]), declining to calculate the child support obligation based on the combined parental income in excess of $80,000, since the basic child support obligation derived by application of the statutory formula would not be unjust or inappropriate (*see* Family Ct Act § 413 [1] [f], [g]; *Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Matter of Awwad v Awwad,* 295 AD2d 603 [2002]). The Family Court also providently exercised its discretion in determining that the father shall contribute 50% of the subject child's college education costs based on comparable expenses for a SUNY school (*see* Family Ct Act § 413 [1] [c] [7]; *Matter of Holliday v Holliday,* 35 AD3d 468 [2006]; *Matter of McLoughlin v McLoughlin,* 213 AD2d 650 [1995]).

There is no support in the record for the father's contention that the Support Magistrate was biased against him. The parties had ample opportunity to present evidence at the hearing, and the Support Magistrate was in the best position to assess the credibility of the witnesses and the evidence proffered (*see Matter of Donato v Donato,* 43 AD3d 920 [2007]).

The father's remaining contentions are either unpreserved for appellate review or based on matter dehors the record and not properly before us. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.