■ In the Matter of Tova Neuhauser, Respondent, v Seth Eisenberger, Appellant. [910 NYS2d 119]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Rockland County (Christopher, J.), dated September 24, 2009, as denied his objections to so much of an order of the same court (Miklitsch, S.M.), dated September 4, 2009, as, after a hearing, and upon granting those branches of the mother's petition which were for a determination that he willfully violated an order of support dated May 8, 2008, by, inter alia, failing to timely remit payments due to the mother on August 30, 2008, and September 1, 2008, awarded counsel fees to the mother in the sum of $780, and (2) so much of an order of the same court dated September 30, 2009, as denied his objections to so much of an order of the same court (Miklitsch, S.M.), dated June 11, 2009, as granted that branch of the mother's separate petition which was, in effect, to modify the parties' separation agreement which was incorporated but not merged into a judgment of divorce dated June 12, 2006, by directing him to pay all transportation expenses for their son, David, from the mother's home to school, and from school to the mother's home, effective August 9, 2007, and awarded counsel fees to the mother in the sum of $15,525.

Ordered that the orders dated September 24, 2009, and September 30, 2009, are affirmed insofar as appealed from, with one bill of costs.

A party seeking to change the support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce has the burden of establishing a substantial, unanticipated, and unreasonable change in circumstances resulting in a concomitant need (*see Merl v Merl*, 67 NY2d 359 [1986]; *Matter of Schlakman v Schlakman*, 66 AD3d 786, 787 [2009]; *Matter of Ripa v Ripa*, 61 AD3d 766 [2009]; *Matter of Kerner v Kerner*, 46 AD3d 683 [2007]). Contrary to the father's contention, the mother met her burden as to that branch of her petition which was in effect, to modify the parties' separation agreement incorporated but not merged into a judgment of

divorce dated June 12, 2006, by directing the father to pay all transportation expenses for their son, David, from the mother's home to school, and from school to the mother's home, effective August 9, 2007.

The father's contention that the Family Court was without authority to award counsel fees to the mother because such fees for modification petitions are not authorized in the separation agreement is without merit. The parties' separation agreement provides that in cases of a default, the defaulting party is obligated to pay the nondefaulting party's counsel fees. Contrary to the father's contention, nothing in this provision precludes an award of counsel fees in modification proceedings, or specifically limits counsel fee awards to defaults. In addition, the Family Court is authorized pursuant to Family Court Act § 438 to award counsel fees to the mother (*see Matter of Olesh v Auerbach*, 227 AD2d 406 [1996]; *Fischman v Fischman*, 209 AD2d 916 [1994]; *cf. Millard v Millard*, 246 AD2d 349 [1998]; *Clemens v Clemens*, 130 AD2d 455 [1987]). Considering the parties' ability to pay, the nature and extent of the legal services required to deal with the support dispute, and the reasonableness of counsel's performance, under the circumstances, the Family Court providently exercised its discretion in awarding counsel fees in the sum of $15,525 to the mother (*see Matter of Nieves-Ford v Gordon*, 47 AD3d 936 [2008]).

To the extent the father claims that the Family Court erroneously granted that branch of the mother's petition pertaining to a certain clothing allowance account, we note that the determination relating to the clothing allowance account was separately made in an order of the Family Court dated December 31, 2008. The father had withdrawn his appeal from that order, and by decision and order on motion of this Court dated December 1, 2009, his second attempt to appeal from that order was dismissed. Therefore, the issue of the clothing allowance account is not before us.

The father's remaining contentions are based on matter dehors the record and are not properly before us (*see Matter of Maurer v Maurer*, 57 AD3d 548 [2008]), or are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.