■ In the Matter of MARK J. TANENBAUM, Appellant, v ANDREA CAPUTO, Respondent. [916 NYS2d 811]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Malone, J.), dated April 6, 2010, as denied his motion for an award of an attorney's fee in the sum of $11,106.90.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (*Matter of Berns v Halberstam*, 46 AD3d 808, 809 [2007]; *see Arato v Arato*, 15 AD3d 511, 512 [2005]). In this case, the parties' March 2006 settlement agreement, which was incorporated but not merged in their judgment of divorce, contained a provision governing the award of an attorney's fee. The provision expressly provides that it applies where "either party is forced to seek aid of counsel in enforcing any rights pursuant to this Agreement." Some of the relief sought by the father in this proceeding is unrelated to the enforcement of the settlement agreement, and thus, the attorney's fee provision is not applicable to those matters. To the extent the father sought to enforce the settlement agreement, the record does not support his contention that he was "forced to seek the aid of counsel" in this regard. Thus, the Supreme Court properly denied the father's motion for an attorney's fee award. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.