■ ROBERT S. TRINAGEL, Respondent-Appellant, v MINDY L. BOYAR, Appellant-Respondent. [952 NYS2d 247]—

The facts underlying this appeal are set forth in our decision and order on a previous appeal (*see Trinagel v Boyar,* 70 AD3d 816 [2010]).

"Where the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (*Matter of Berns v Halberstam,* 46 AD3d 808, 809 [2007]; *see Arato v Arato,* 15 AD3d 511, 512 [2005]). In this case, the parties' stipulation of settlement dated August 4, 2003, which was incorporated but not merged into their judgment of divorce, contained provisions governing the award of an attorney's fee. Those provisions do not expressly provide that the defendant can recover an attorney's fee incurred in defending against the plaintiff's motion to modify the child custody provisions of the parties' stipulation of settlement. In addition, they do not provide for the recovery of an attorney's fee incurred in defending against the plaintiff's appeal from the order denying that motion. Accordingly, the Supreme Court properly denied the defendant's motion for an award of an attorney's fee pursuant to the stipulation of settlement.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]), as the brief filed by the plaintiff does not seek reversal or modification of any portion of the order. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.