■ GEORGE F. MOMBERGER, Appellant, v JOAN J. MOMBERGER, Also Known as JOAN F. JAMESON, Respondent. [960 NYS2d 244]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lynch, J.), entered April 5, 2012 in Albany County, which granted defendant's motion for an award of appellate counsel fees.

The underlying facts are more fully set forth in our prior decision involving the parties, in which we affirmed the denial of plaintiff's motion for termination of his maintenance obligation, but directed defendant to provide plaintiff with certain disclosure required by the parties' separation agreement (97 AD3d 945 [2012]). The agreement, which was incorporated but not merged into the parties' judgment of divorce, also contained a provision directing that, in the event of a default requiring either party to retain counsel to enforce the agreement, the losing party to the controversy would pay the successful party's reasonable counsel fees. Nevertheless, while the prior appeal was pending, defendant sought appellate counsel fees pursuant to Domestic Relations Law § 237, rather than under the parties' agreement. Prior to this Court's determination of the appeal, Supreme Court awarded interim appellate counsel fees to defendant pursuant to Domestic Relations Law §§ 237 and 238. In light of this Court's determination reversing the portion of Supreme Court's prior decision relating to disclosure (97 AD3d at 946-947), plaintiff now appeals from the order awarding interim appellate counsel fees to defendant.

We affirm. Plaintiff argues that any award of appellate counsel fees must be made pursuant to the terms of the separation agreement, as opposed to the statute. Generally, "[w]here the parties have agreed to provisions in a settlement agreement which govern the award of attorney's fees, the agreement's provisions, rather than statutory provisions, control" (*Matter of*

*Berns v Halberstam*, 46 AD3d 808, 809 [2007]; *accord Matter of Tanenbaum v Caputo*, 81 AD3d 839, 839 [2011]; *see Gardo v Radominski*, 252 AD2d 971, 972 [1998]). "However, a party may seek the recovery of fees under both the statute and an agreement, unless the agreement contains an express waiver of the right to apply under the statute . . . , [and] provided that the party may not recover twice for the same fees" (Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:1 at 19; *see generally Millard v Millard*, 246 AD2d 349, 350 [1998]; *Canick v Canick*, 122 AD2d 767, 768-769 [1986]). While noncompliance with a separation agreement by both parties may justify denial of an application for fees under the statute as well, a statutory award of counsel fees remains discretionary (*see Canick v Canick*, 122 AD2d at 769). Moreover, the statute contains a rebuttable presumption that counsel fees shall be awarded to the less monied spouse (*see* Domestic Relations Law §§ 237, 238).

Here, the separation agreement does not contain an express waiver of counsel fees under the statute and, thus, the discretionary award was permissible. Although both parties have failed to abide by the separation agreement to some extent as set forth in our prior decision, we conclude that the interim award of appellate counsel fees pursuant to the Domestic Relations Law was not an abuse of discretion under the circumstances of this case—including defendant's status as the less monied spouse and the fact that she is the party who substantially prevailed on the prior appeal.

The parties' remaining arguments have been considered and found to lack merit.

Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.