■ MARK J. TANENBAUM, Appellant, v DANIEL D. MOLINOFF, ESQ., Respondent. [987 NYS2d 214]—

In an action, inter alia, to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 16, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the second cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for legal malpractice and breach of contract against the defendant, the attorney who represented him in a prior proceeding against his former wife in the Family Court (*see Matter of Tanenbaum v Caputo*, 81 AD3d 839 [2011]). The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted the motion.

"A motion to dismiss on the basis of CPLR 3211 (a) (1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations or conclusively disposes of the plaintiff's claims as a matter of law" (*Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 757 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 756; *Baron v Galasso*, 83 AD3d 626, 628 [2011]).

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 757 [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). "Furthermore, '[t]o establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (*Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d at 757, quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

Here, the defendant established that he was entitled to the dismissal of the first cause of action, which alleged legal mal-

practice, pursuant to CPLR 3211 (a) (1) and (7). Contrary to the plaintiff's contentions, the complaint in this action, as well as certain documentary evidence before the Supreme Court, including, inter alia, a portion of the settlement agreement between the plaintiff and his former wife, conclusively established as a matter of law that, under the terms of the settlement agreement (*see generally Trinagel v Boyar*, 99 AD3d 792, 792 [2012]; *Matter of Berns v Halberstam*, 46 AD3d 808, 809 [2007]), the plaintiff was not entitled to an award of an attorney's fee in the proceeding against his former wife before the Family Court (*see Matter of Tanenbaum v Caputo*, 81 AD3d 839 [2011]), and that the defendant therefore did not commit malpractice in failing to obtain an award of an attorney's fee in that proceeding. Moreover, the retainer agreement between the parties here conclusively refuted any claim based on the plaintiff's allegation that the defendant assured him that the plaintiff's former wife would be responsible for the payment of all legal fees in that proceeding. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) and (7).

Contrary to the Supreme Court's determination, however, the plaintiff's second cause of action, which alleged breach of contract and sought to recover $5,875 in damages, representing the amount he had paid to the defendant, based on, inter alia, overbilling, was not necessarily duplicative of the first cause of action (*see O'Connor v Blodnick, Abramowitz & Blodnick*, 295 AD2d 586, 587 [2002]). Moreover, while the court concluded that the plaintiff could seek these damages as a counterclaim in the separate action commenced by the defendant (*see Molinoff v Tanenbaum*, 118 AD3d 761 [2014] [decided herewith]), at the time the order appealed from was issued, that action had been dismissed. Accordingly, we modify the order by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the second cause of action, which was to recover $5,875 in damages for breach of contract, and substituting therefor a provision denying that branch of the motion.

The plaintiff's remaining contentions are without merit. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.