In the Matter of Hao Liu, Appellant, v Yuwei Xu, Respondent. [30 NYS3d 842]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered June 23, 2015. The order, insofar as appealed from, after a hearing, denied the father's petition to modify the visitation provisions of an order of custody and visitation dated March 16, 2010.

Ordered that the order entered June 23, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The parties are the divorced parents of a son, born in November 2004. A Family Court order dated March 16, 2010, embodied the parties' agreement concerning custody and visitation, which provided that the parties were to have joint legal custody of the child, the mother was to have primary physical custody, and the father was to have visitation, which included alternating weekends, with the child to be dropped off and picked up inside the Warwick police station.

In his modification petition, the father asserted that he had moved 90 miles away from Warwick, New York, to Edison, New Jersey, to obtain employment, and sought to require the mother to drop off and pick up the child in Edison every other time that he had visitation, or for the exchange of the child to occur somewhere halfway between the locations where each of the parties reside.

"Modification of a court-approved agreement setting forth terms of visitation is permissible upon a showing that there has been a substantial change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (*Matter of Ennis v Piterniak*, 134 AD3d 823, 823 [2015]). Here, although the father established that there was a change in circumstances, he failed to establish that the modification of the parties' agreement concerning the visitation he requested was in the best interests of the child (*see Matter of Sullivan v Sullivan*, 40 AD3d 865, 866 [2007]). Therefore, the Family Court's determination denying the petition has a sound and substantial basis in the record. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.