OPINION OF THE COURT
Richard A. Dollinger, J.
In this matter, the court considers what quantum of proof—or even allegations—are sufficient to trigger a hearing on court-ordered attorneys’ fees payable to a former wife (petitioner) who has successfully brought an enforcement action—for the third time—against her former husband (respondent).
The respondent failed to pay certain daycare expenses required by an earlier order of the court, issued in October 2015. Faced with nonpayment, the petitioner brought an enforcement petition under Domestic Relations Law § 238 and the court ordered the respondent to pay the expenses in a second order. When he failed to pay under the dictates of the second order, the petitioner filed the current enforcement petition and the court, for a third time, ordered him to pay the expenses and, this time, issued an income execution for the payment. After that finding, the petitioner moved for payment of legal fees, based on her counsel’s time and expense to obtain the third court order. The respondent’s attorney argued that his client was entitled to a hearing on the issue of the reason *283 ableness of the petitioner’s claim for attorneys’ fees. This court initially denied the request for a hearing, but allowed the respondent’s counsel to submit any law that justified his argument that by merely questioning the reasonableness of the petitioner’s attorneys’ fees or describing them as “unnecessary or excessive,” his client’s right to a hearing, in advance of any award, was mandated.
Initially, the objectant argues that the court rules required submission of a statement of net worth before this court could award fees. This application is not governed by the court rules contained in 22 NYCRR 202.16 (k), which excludes motions made pursuant to section 237 (c) or section 238 of the Domestic Relations Law for counsel fees for services rendered by an attorney to secure the enforcement of a previously granted order or decree. Hence, the usual requirement for submission of a statement of net worth and compliance with other requirements from the rules of the courts is not required to justify a fee award here. In addition, because these applications are not governed by 22 NYCRR 202.16 (k), the requirements for disclosure of the hourly rate, the amounts paid or to be paid and the other details required by subdivision (3) of that provision are also not required to justify a fee. Instead, the general principles of fee awards—“reasonable value of the services rendered”—apply. (NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790 [2d Dept 2007]; RMP Capital, Corp. v Victory Jet, LLC, 40 Misc 3d 1243[A], 2013 NY Slip Op 51543[U] [Sup Ct, Suffolk County 2013].) The factors in a fee award include: time and labor required, the difficulty of the questions involved and the skill required to handle the problems presented; the lawyer’s experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved. (Matter of Freeman’s Estate, 34 NY2d 1 [1974].) For that reason, the court rejects the argument that the petitioner seeking fees in this instance must provide a statement of net worth or other documentary evidence before the court can award a fee.
The respondent’s attorney’s second objection has more staying power because he argues that a hearing prior to an award of attorneys’ fees in an application under Domestic Rela *284 tions Law § 238[1] or Domestic Relations Law § 237 (c)[2] is required if the opponent simply claims the requested fees are “unnecessary and excessive,” but does not specifically challenge the factual accuracy of the time and effort expended by his opposite counsel on this specific application.
Several black-letter law principles provide a backdrop for the court’s consideration. The petitioner, as the successful litigant in an action under section 238, is entitled to an award of fees. The fees are also presumed because she is without dispute the lesser moneyed party in the litigation. The respondent has failed to rebut the statutory presumption that the plaintiff was entitled to an attorneys’ fee. (Domestic Relations Law §§ 237 [a]; 238; Piacente v Piacente, 93 AD3d 1189 [4th Dept 2012] [no hearing required before fee awarded as respondent never requested one].) When a party is compelled to bring a motion to enforce the terms of the order, the court may providently exercise its discretion in awarding an attorneys’ fee. (D’Anna v D’Anna, 17 AD3d 400 [2d Dept 2005]; Lazansky v Lazansky, 148 AD2d 501 [2d Dept 1989].) Similarly, as the respondent’s counsel repeatedly notes, the New York courts have instructed that courts abuse their discretion if, in certain circumstances, they fail to hold a hearing on “extent and value of the services rendered.” (Stanley v Hain, 38 AD3d 1205, 1207 [4th Dept 2007]; Redgrave v Redgrave, 304 AD2d 1062 [3d Dept 2003] [error to fail to hold a hearing even if not requested].)
However, what caused this court to hesitate before even considering the need for a hearing was whether the respondent’s opposing papers created a factual dispute that required a hearing. In essence, the respondent argues that if he merely utters the words “unnecessary and excessive” in his opposing papers, he is entitled to a hearing on the extent and value of the services rendered, despite an affidavit from the petitioner’s counsel as to the “extent and value of the services.” Generally, in New York, hearings are only required if there is a factual *285 dispute which cannot be resolved on papers alone. (Matter of Ruiz v Sciallo, 127 AD3d 1205 [2d Dept 2015]; Matter of Jean v Washington, 71 AD3d 1145 [2d Dept 2010].) In this court’s view, a party seeking a hearing—on any issue—must raise an issue of disputed fact which would necessitate a hearing. (Spiegel-Porco v Porco, 127 AD3d 849 [2d Dept 2015] [there was no genuine issue of fact that would necessitate a hearing]; Williams v Williams, 99 AD3d 1094, 1097 [3d Dept 2012] [fees awarded without a hearing when the husband neither challenged the reasonableness of the charges set forth in the bills nor requested a hearing on that issue]; Matter of William O. v John A., 84 AD3d 1447 [3d Dept 2011] [even construing liberally the father’s pro se papers, they were insufficient to necessitate a hearing]; R.E. v S.E., 27 Misc 3d 1216[A], 2010 NY Slip Op 50766[U] [Sup Ct, NY County 2010]; Gunsburg v Gunsburg, 173 AD2d 232, 233 [1st Dept 1991] [holding that a hearing is only required where evidentiary facts are presented sufficient to create a triable issue of fact].)
In this case, the respondent’s counsel, in objecting to the fees sought, stated that even a “cursory review” of the submitted billing statements reveals that “the majority of time entries . . . have nothing to do with the instant motion.” He adds that several of the entries relate to a qualified domestic relations order (QDRO) previously granted by this court and others relate to proceedings in 2015. He concludes with an easily foreseeable catchall critique: some of the time entries “appear to have been either unnecessary or excessive.”
This court has reviewed the billing statements and concurs with the respondent’s counsel that the billing statements, provided to the court in the motion for fees, contain time entries related to a previous QDRO and previous court appearances. The court declines to award fees for those services. However, the final billing statement contains an entry for two hours at $250 per hour to prepare the motion papers that were submitted to the court and a $45 motion filing fee. The final billing statement indicates that the petitioner’s counsel expended 3.6 hours in time in preparing responding affidavits and appearing before this court. In this court’s view, the only time entries that could be the basis for a fee award by the court relate to the pending enforcement motion. Therefore, the only fees which can be shifted to the respondent are $900—from the final bill— and $545 from the September bill.
By reaching this conclusion, this court, in essence, credits the respondent’s counsel’s objections to the entire packet of *286 billing statements submitted and confines any award only to those services directly related to this application. The only other objection raised in this matter is that the remaining services, billed directly for the motion before the court, “appear to have been either unnecessary or excessive.” In deciding whether those phrases trigger the former respondent’s right to a hearing on the remainder of the fees, this court has scanned scads of cases which discuss instances in which attorneys’ fees were not awarded until after hearings. (See e.g. Gentile v Gentile, 31 AD3d 1158 [4th Dept 2006]; Ferris v Ferris, 121 AD3d 1544 [4th Dept 2014].) In these cases, the Appellate Division decisions do not describe the nature of the objections to fees filed by the objectant’s counsel. The Courts simply hold that the trial court must hold a hearing to “determine the amount of reasonable counsel fees.” This court can only draw the conclusion that if a party, against whom a fee award is justified, requests a hearing on the fees—without even specifying the nature of the objection to the fees—then the courts must grant the hearing request.
If this court could address this issue on a clean chalkboard, the mere invocation of the phrase “excessive or unnecessary” should not trigger a right to a hearing on the extent and nature of legal services to support a fee award against a party who has breached a court order. To protect the public policy under the fee shifting statutes, a specific challenge to a specific entry and a genuine factual dispute about the necessity of legal services should be aired in sworn affidavits challenging the amount of fees before adding expense and legal time to a fee award which arises in a family law dispute in which the court is awarding fees because of a non-compliant parent’s conduct. The presumption for fees in section 237 (a) of the Domestic Relations Law and the right to fees under section 238 under the same statute should dictate that a successful litigant not face the added costs and dislocation of a hearing without specific objections that create a genuine factual issue to be resolved by the court. Alas, the compelling public policy objective—prompt awards of reasonable fees against those who violate court orders for support—is not yet embraced by New York’s appellate courts which seem to lean strongly in favor of requiring hearings even when fee objections are merely ritualistic incantations of amorphous boilerplate adjectives that appear to be designed to require, if not foster, a seemingly endless and expensive return to the courts.
*287 While this court would be inclined to award the fees referenced above—$1,445—as they have a prima facie status as reasonable, necessary and fair, based on the court’s knowledge of current market rates for comparable legal services and the skills of an experienced counsel such as the petitioner’s counsel in this matter and they relate to the specific application before the court, this court, adhering to the dictates of its appellate colleagues, cannot award these fees in the absence of a hearing. The court will set the date for that hearing in the near future.[3]

. Domestic Relations Law § 238 permits the court, in its discretion, to direct the payment of counsel fees to defend an action or proceeding to enforce or modify any provision of a divorce judgment. (Miller v Miller, 2016 NY Slip Op 30416[U] [Sup Ct, Suffolk County 2016].)

. In any action or proceeding for failure to obey any lawful order compelling payment of support or maintenance, or distributive award the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner. (Domestic Relations Law § 237 [c].)

. This court would have the discretion to award attorneys’ fees for the hearing on the award of fees. The Court of Appeals stated in O’Shea v O’Shea (93 NY2d 187, 193 [1999]):
“Given the statutory background and the unswerving direction of the decisional law over the last century and a half, we further hold that the court had discretion to grant counsel fees to the [petitioner] for legal services in connection with the hearing to determine the amount of the fee award. This is not to say that awards for legal services for fee hearings should be routinely expected or freely granted any more than those for pre-action services. Again, it is a matter of discretion, to be exercised in appropriate cases, to further the objectives of litigational parity, and to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation.”
Whether the factors to justify such an award are present here would be decided after the hearing.