Jeffrey P. v Alyssa P. (2022 NY Slip Op 01217)





Jeffrey P. v Alyssa P.


2022 NY Slip Op 01217


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532571
[*1]Jeffrey P., Appellant,
v
Alyssa P., Respondent.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Jacob D. Verchereau, Albany, for appellant.
Gordon, Tepper & DeCoursey, LLP, Glenville (Elise C. Powers of counsel), for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.



Clark, J.
Appeals (1) from an order of the Supreme Court (Pelagalli, J.), entered July 10, 2020 in Saratoga County, which partially granted defendant's motion to, among other things, modify the parties' judgment of divorce, and (2) from an order of said court, entered December 14, 2020 in Saratoga County, which, among other things, partially denied plaintiff's motion for leave to renew and, upon reargument, adhered to its prior decision.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) resided together in the hamlet of Ballston Lake, Saratoga County prior to their 2015 separation, at which time they entered into a separation and settlement agreement. The wife remained at the marital residence thereafter, and the husband moved to the hamlet of Burnt Hills, Saratoga County. Pursuant to a 2016 judgment of divorce, which incorporated but did not merge the 2015 separation agreement, the parties share joint legal and physical custody of their two children (born in 2009 and 2012). In the ensuing years, the parties entered into four addenda to the separation agreement involving changes to, among other things, their rotating custody schedule, but they have always abided by a "fetch" arrangement — meaning that the parent receiving the children picks the children up either at school or an agreed-upon location. In either scenario, the parties' custodial exchanges occurred within a 10-minute drive of their respective residences since they entered into the separation agreement.
In 2019, the husband and his new wife purchased a second home in the Town of Fort Ann, Washington County, and, in or around April 2020, they elected to relocate to that residence full time in light of the escalating COVID-19 pandemic. The husband then contacted the wife to suggest that they temporarily change their custody schedule to alternating weeks. The wife did not consent to the suggested change. Ultimately, the husband told the wife that she would have to either agree to the schedule he proffered or pick up the children at a specified exchange location in Fort Ann, nearly 50 minutes from the wife's residence and her place of employment, in order to effectuate her custodial time. The husband later deemed that location to be a certain church in Fort Ann, located approximately five minutes from his second home, and the wife was forced to pick up the children from that location from that point onward.
In June 2020, the wife moved, by order to show cause, to enforce the parties' judgment of divorce so as to require the husband to maintain the children's residence within 30 miles of Ballston Lake, citing a "geographic limitation clause" in their separation agreement that permits either parent to seek a change of custody if the other moves more than 30 miles away from Ballston Lake. She also sought to formally incorporate three of the parties' addenda into the judgment of divorce, to establish Lakeside Farms in Ballston Lake as the custodial exchange location [*2]and an award of counsel fees. Supreme Court granted the wife some interim relief, issuing a temporary order directing that custodial exchanges were to take place at a travel plaza in the Town of Wilton, Saratoga County, a location that is mostly equidistant from where the parties were presently living. The husband opposed arguing, in pertinent part, that the wife's motion should be denied as premature as she had not engaged in mediation before seeking judicial relief, as required by the separation agreement and each of the parties' subsequent addenda. By order entered in July 2020, Supreme Court first held that any issue regarding mediation was moot given that the parties did eventually participate in mediation with respect to the foregoing custody issue, albeit after the wife filed her order to show cause. Incorporating the parties' addenda into their judgment of divorce as requested, the court concluded that the separation agreement did not prevent either party from moving more than 30 miles away from Ballston Lake. The court did, however, set a fixed custodial exchange location, at Lakeside Farms, and awarded the wife $2,500 in counsel fees, half of the sum she sought.
The husband then moved to renew and/or reargue. The branch of his motion that sought renewal addressed the portion of Supreme Court's July 2020 order that set Lakeside Farms as the fixed custodial exchange location, and the branch of his motion that sought reargument addressed same and the portion of the order that granted the wife counsel fees. The wife opposed, and, during the pendency of the husband's motion, she relocated to the Village of Ballston Spa, Saratoga County. The husband later terminated his representation and filed an order to show cause, pro se, which sought to supplement his prior motion so as to consider this new information. In light of the wife's move, he requested that, when he is living in Fort Ann, the parties' custodial exchange location be a certain convenience store in the hamlet of Gansevoort, Saratoga County. He also sought an order finding the wife in violation of the judgment of divorce for her alleged failure to promptly notify him of her change of address and an award of counsel fees in his favor. With respect to that part of the motion seeking reargument, Supreme Court, by order entered in December 2020, granted reargument but adhered to its prior decision. Supreme Court also concluded that the husband did set forth new information warranting renewal. To that end, the court established four possible exchange locations for when the parties are at their respective residences in Burnt Hills and Ballston Spa, and, when the husband is at his Fort Ann residence, the custodial exchanges are set to take place at a specified convenience store in Ballston Spa. The court denied all other relief requested by the husband. He appeals from the July 2020 and December 2020 orders.
We agree with Supreme Court that the husband's argument concerning [*3]the wife's failure to mediate as a condition precedent to this litigation is moot given that mediation on the subject custodial issue has since taken place, obviously unsuccessfully, such that his rights cannot be affected by our determination on the issue (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; cf. Matter of Save Monroe Ave., Inc. v New York State Dept. of Transp., 197 AD3d 808, 809 [2021]; compare Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1479-1481 [2020]).
Turning to Supreme Court's modification of the judgment of divorce,[FN1] although the court failed to expressly undertake the requisite threshold analysis, we will exercise our authority to render an independent determination as to whether the wife established a change in circumstances — a point which appears to no longer be disputed (see Matter of Kanya J. v Christopher K., 175 AD3d 760, 761-762 [2019], lvs denied 34 NY3d 905, 906 [2019]; Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]). In our view, the husband's relocation, in addition to his unilateral decision to alter the parties' four-year-long past practice and quadruple the time that it takes the wife to pick up the children to effectuate her custodial time, constituted such a change and warranted inquiry into the continued best interests of the children (see Matter of Lundgren v Jaeger, 162 AD3d 1427, 1428 [2018]; Matter of Hao Liu v Yuwei Xu, 139 AD3d 1064, 1065 [2016]). The court similarly failed to make express findings as to the children's best interests, but remittal is unnecessary because the record is sufficiently developed for us to do so (see Matter of Holly F. v Daniel G., 193 AD3d 1292, 1294 n [2021], lv denied 37 NY3d 904 [2021]; Matter of Terry PP. v Domiyon PP., 184 AD3d 914, 916 [2020]).[FN2] Upon our independent review of the record, we find that Supreme Court's decision to modify the judgment of divorce so as to establish fixed exchange locations, as well as the locations themselves, furthers the children's best interests.[FN3] To the extent that the husband complains that his drive is noticeably longer than the wife's, we note that this is only true when he chooses to exercise his custodial time in Fort Ann. In addition, in our view, his protest is more about his own convenience than the best interests of the children, who will experience significantly increased travel time irrespective of the exchange location when the husband elects to stay at his house in Fort Ann (see Matter of Le Clair v McDonald, 26 AD3d 691, 691-692 [2006]).[FN4]
Turning to the wife's award of counsel fees, Domestic Relations Law § 238 authorizes a court to make a discretionary award of counsel fees upon an enforcement or modification motion (see Weaver v Weaver, 198 AD3d 1140, 1146 [2021]; Seale v Seale, 154 AD3d 1190, 1196 [2017]). Although it is true that, "where the parties have agreed to provisions in a settlement agreement [that] govern the award of [counsel] fees, the agreement's provisions, rather [*4]than statutory provisions, control," "a party may seek the recovery of fees under both the statute and an agreement, unless the agreement contains an express waiver of the right to apply under the statute" (Momberger v Momberger, 103 AD3d 971, 971-972 [2013] [internal quotation marks, ellipsis, brackets and citations omitted]). As the husband acknowledged, the separation agreement here contains no such waiver, and, thus, Supreme Court's discretionary award was permissible. Contrary to the husband's additional arguments, the wife was not required to submit a statement of net worth in order for her request for counsel fees to be heard (see 22 NYCRR 202.16 [k]; Pa Sulayman Mm Jeng v Barrow-Jeng, 55 Misc 3d 281, 283 [Sup Ct, Monroe County 2016]), and the record before us is sufficient to review the award (compare Cheruvu v Cheruvu, 61 AD3d 1171, 1174-1175 [2009]). In light of the circumstances of this case, the wife's success in modifying the judgment of divorce and the financial documents and billing statements submitted by the parties (see generally Fermon v Fermon, 135 AD3d 1045, 1049 [2016]), we cannot say that the award to the wife was an abuse of discretion.
Lastly, the wife's notification to the husband of her relocation to Ballston Spa, a change in her "actual place of residence," was "prompt[] and immediate[] upon [her] learning of same," in satisfaction of the parties' separation agreement. The wife gratuitously emailed the husband about her anticipated move more than a month prior and then conveyed to him her new address on the day she closed on the property — when her place of residence actually changed. The husband therefore failed to demonstrate that the wife violated the parties' separation agreement or otherwise engaged in obstructionist tactics that led to increased litigation expenses, and an award of counsel fees to the husband was therefore unwarranted, regardless of whether he sought genuine counsel fees or compensation for his pro se work (see generally Kay v Ehrler, 499 US 432, 438 [1991]; Federal Natl. Mtge. Assn. v Johnson, 177 AD3d 1148, 1149 [2019]). The husband's remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be without merit.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The husband continues to challenge Supreme Court's decision to set the parties' custodial exchange location at Lakeside Farms, but that argument is also moot in light of the December 2020 order that partially granted his motion for renewal and set new exchange locations (see Cole v Mraz, 77 AD3d 526, 527 [2010]; Masterwear Corp. v Bernard, 3 AD3d 305, 306 [2004]).

Footnote 2: Contrary to the husband's argument, an evidentiary hearing was not necessary here as Supreme Court possessed sufficient, uncontroverted information to make an informed decision as to how the particularly limited issue before it may impact the children (see Matter of Mercedes E.H. v Dexter R.N., 197 AD3d 1038, 1038 [2021]; Matter of Jackson v Shands, 191 AD3d 675, 676 [2021]).

Footnote 3: The attorney for the children took no position with respect to custodial exchange locations but, relatedly, did convey that the children did not wish to go more than five days without seeing either parent and desired to return to the husband's Burnt Hills home, although they were amenable to spending time at his Fort Ann house on occasion.

Footnote 4: Additionally, we have been informed that the husband's temporary living arrangement at his second home for purposes of the pandemic has since ceased.