Matter of Giuseppa T. v Anthony U. (2023 NY Slip Op 01563)

Matter of Giuseppa T. v Anthony U.

2023 NY Slip Op 01563

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

535454 
[*1]In the Matter of Giuseppa T., Respondent,
v
Anthony U., Appellant. (Proceeding No. 1.)
In the Matter of Anthony U., Appellant,
v
Giuseppa T., Respondent. (Proceeding No. 2.)

Calendar Date:January 11, 2023 

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

Christopher Hammond, Cooperstown, for appellant.
Lisa K. Miller, McGraw, for respondent.
Donna C. Chin, Niverville, attorney for the child.

Ceresia, J.
Appeal from an order of the Supreme Court (Joseph R. Cassidy, J.), entered May 2, 2022 in Tompkins County, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to vacate a prior order to show cause.
Giuseppa T. (hereinafter the mother) and Anthony U. (hereinafter the father) are the parents of a son (born in 2018). In 2020, the mother and the father entered into a stipulated order in which they agreed, in relevant part, to joint custody of the child with equal parenting time, to allow each other to take reasonable vacations with the child and to engage in mediation with the Community Dispute Resolution Center prior to returning to court in the event of a dispute. In March 2022, the parties disagreed on whether the mother should be allowed to take the child on a trip to Italy with extended family. As a result, the parties filed competing orders to show cause, whereby the mother sought court authority to obtain a passport for the child and take him on the vacation, and the father — arguing that the mother was in violation of the provision in the stipulated order requiring mediation of disputes — sought a directive that the parties mediate the issue.
A court appearance was held in connection with the applications, at which the father refused to provide any specific reasons for his objection to the vacation, arguing instead that he should be allowed to present his reasons at a mediation session. Supreme Court ultimately granted the mother authority to obtain the child's passport and take him on the vacation, and denied the relief sought by the father. The father appeals.
In his appellate brief, the father contends that his due process rights were violated by Supreme Court's failure to hold a hearing in connection with his order to show cause. The mother, among other arguments addressing the merits, contends that this appeal is moot.[FN1] We agree with the mother. An appeal will be considered moot where "the parties' rights and interests can no longer be affected by the determination of the appeal" (Matter of Stephen K. v Sara J., 170 AD3d 1466, 1467 [3d Dept 2019]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). The father sought mediation relative to the issue of whether the mother should be allowed to bring the child on vacation to Italy. However, inasmuch as that trip has already occurred, the father's rights can no longer be said to be affected (see Jeffrey P. v Alyssa P., 202 AD3d 1409, 1411-1412 [3d Dept 2022]). Further, the exception to the mootness doctrine does not apply (see Matter of Elizabeth LL. [Thomas OO.], 174 AD3d 1094, 1095 [3d Dept 2019]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: The attorney for the child, while not addressing the issue of mootness, joins the mother in opposing the father's appeal on the merits.