Skotarczak v Skotarczak (2025 NY Slip Op 05370)

Skotarczak v Skotarczak

2025 NY Slip Op 05370

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

653 CA 24-02057

[*1]LAURA M. SKOTARCZAK, PLAINTIFF-RESPONDENT,
v
MICHAEL H. SKOTARCZAK, JR., DEFENDANT-APPELLANT. 

RJ FRIEDMAN ATTORNEYS, HAMBURG (R.J. FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
REBECCA J. TALMUD, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered May 31, 2024, in a postjudgment matrimonial proceeding. The order awarded plaintiff attorney's fees in the amount of $12,000. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this postjudgment matrimonial proceeding, defendant husband appeals from an order granting plaintiff wife's application seeking attorney's fees in part and awarding her $12,000 for those fees. Defendant contends that Supreme Court erred in making any award to plaintiff inasmuch as her application was untimely and did not comply with 22 NYCRR 202.16 (k). We reject those contentions.
Although we agree with defendant that plaintiff's application for attorney's fees was not made within the 30-day time limit established by the parties' oral stipulation, the court stated that plaintiff had been granted an extension, and defendant failed to provide any evidence that such an extension was not granted. The stipulation did not preclude extensions granted by the court and did not state that the parties were waiving their statutory rights to attorney's fees under Domestic Relations Law § 237, which provides that "[a]pplications for the award of fees and expenses may be made at any time or times prior to final judgment." " '[A] party may seek the recovery of fees under both the statute and an agreement, unless the agreement contains an express waiver of the right to apply under the statute . . . , [and] provided that the party may not recover twice for the same fees' " (Momberger v Momberger, 103 AD3d 971, 972 [3d Dept 2013]). We thus conclude that the court did not err in considering plaintiff's application, even if it was filed after the deadline contained in the parties' oral stipulation.
With respect to defendant's contention that the court erred in considering plaintiff's application because it failed to comport with 22 NYCRR 202.16 (k), we acknowledge that the failure to comply with that regulation permits a court "to deny the motion without prejudice to renewal upon compliance with the provisions of this section" (22 NYCRR 202.16 [k] [5] [ii]). Nevertheless, denial is not required. Even if we were to agree with defendant that plaintiff's application was defective because it was not accompanied by the requisite proof, we would simply deny the application without prejudice and vacate the award, thereby allowing plaintiff to bring another application pursuant to Domestic Relations Law § 237. In the interest of judicial economy, and seeing no basis on the merits to disturb the award (see generally O'Brien v O'Brien, 66 NY2d 576, 590 [1985]; Caricati v Caricati, 181 AD3d 1279, 1281 [4th Dept 2020]; Terranova v Terranova, 138 AD3d 1489, 1489-1490 [4th Dept 2016]), we affirm.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court