Matter of D.B. v S.P. (2026 NY Slip Op 00970)

Matter of D.B. v S.P.

2026 NY Slip Op 00970

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

 |Docket No. V-15276- 15/24G V-15276- 15/24G|Appeal No. 5893|Case No. 2025-00919|

[*1]In the Mater of D.B., Petitioner-Appellant,
vS.P., Respondent-Respondent. 

Douglas H. Reiniger, New York, for appellant.
Law Offices of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (Jacyln Sherman, Ref.), entered on or about February 7, 2025, which granted petitioner father's petition seeking to modify the custody order dated September 19, 2022 to the extent of designating new exchange locations and denied the father's enforcement petition with prejudice, unanimously affirmed, without costs.
Contrary to the mother's contentions, Family Court properly retained jurisdiction over the father's modification and enforcement petitions because the child moved to Connecticut only a year before the petitions were filed, and he continued to have a significant connection to New York, including monthly visits with the father and the paternal grandmother in the Bronx (see Domestic Relations Law § 76—a[1][a]; Matter of Helmeyer v Setzer, 173 AD3d 740, 742-743 [2d Dept 2019]). Accordingly, the court properly exercised jurisdiction over the petitions at issue but declined to exercise continuing exclusive jurisdiction over the matter.
There is a sound and substantial basis for Family Court's determination that the mother's move to Connecticut with the child constituted a change of circumstances warranting modification of the prior order with respect to the father's visitation (see Matter of Nava v Kinsler, 85 AD3d 1186, 1186-1187 [2d Dept 2011], lv denied 17 NY3d 714 [2011]; see also Skidelsky v Skidelsky, 279 AD2d 356, 356 [1st Dept 2001]). Furthermore, the court's directive that visitation exchanges would begin in Norwalk, Connecticut and end at the paternal grandmother's home in the Bronx is in the child's best interests (see Jeffrey P. v Alyssa P., 202 AD3d 1409, 1412-1413 [3d Dept 2022]; see also Matter of David V. v Roseline W., 217 AD3d 1112, 1115 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).
The parties' arguments opposing the order reflect that their primary concern is their own convenience rather than what is in the child's best interests (see Jeffrey P., 202 AD3d at 1413). The father's argument that the court failed to adequately consider the mother's intransigence and noncompliance with its orders is also unavailing, as the court's primary concern is the child's best interests, and its role is not to punish one parent or the other for poor behavior (see Matter of Tropea v Tropea, 87 NY2d 727, 742 [1996]).
Family Court properly denied the father's enforcement petition, as he failed "to establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the [mother] had actual knowledge of the order's terms, and that [the mother's] willful actions impaired [the father's] rights under the prior order" (Matter of Angelica CC. v Ronald DD., 214 AD3d 1091, 1092 [3d Dept 2023] [internal quotation marks omitted], lv denied 39 NY3d 915 [2023]). The order stated that the father "may have additional visitation with the child in New York, from Friday at 6:00 p.m. until Sunday at 6:00 p.m., upon 2 weeks' notice to the mother in writing." The mother's apparent refusal to facilitate visitation did not constitute a willful violation of the order, which was permissive not mandatory (see Matter of Hoglund v Hoglund, 234 AD2d 794, 796 [3d Dept 1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026