■ STEVEN COLE, Plaintiff, v JASON MRAZ et al., Defendants/Third-Party Plaintiff. DELICATE PRODUCTIONS, INC., Third-Party Defendant-Appellant-Respondent, and THE BEACON THEATER et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendants. [909 NYS2d 708]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered July 23, 2009, to the extent it denied the motion by third-party defendants Beacon Theatre and Babylon Enterprises for summary dismissal of cross claims against them by third-party defendant Delicate Productions, unanimously affirmed, without costs. Appeal by Delicate from the same order, insofar as it dismissed Delicate's cross claims against Beacon and Babylon, unanimously dismissed, without costs, as subsumed in the appeal from a later order. Order, same court and Justice, entered April 12, 2010, to the extent it granted third-party defendant Delicate's motion to reargue the prior order and converted its cross claims against third-party defendants Beacon and Babylon into a third third-party action, unanimously modified, on the law, the third third-party action is directed to be tried with the main action, and otherwise affirmed, without costs.

Plaintiff, a union stagehand, was injured when a light fixture fell on his head at the Beacon Theater as he was cleaning the stage after a performance by defendant Mraz. Plaintiff sued, inter alia, Mraz and Delicate, the company from whom Mraz leased the lighting equipment. Mraz, in turn, commenced a third-party action against Delicate, the Beacon Theater, and Babylon. In its answer to the third-party action, Delicate asserted cross claims against Beacon and Babylon.

Mraz then moved for summary judgment dismissing plaintiff's complaint, which was granted without opposition in the July 23 order. All claims asserted against Mraz were dismissed, as were the claims he asserted in his third-party action. As a consequence, the cross claims asserted by Delicate against Babylon and Beacon in Mraz's third-party action were dismissed, but Delicate was granted leave to pursue those cross claims in a third third-party action against Babylon and Beacon. Rather than commence such an action outright, Delicate moved for reargument, claiming it was error for the court not to automatically convert those cross claims into a third third-party action. Upon reargument, the court did convert Delicate's cross claims into a third third-party action, severing it from the main action and directing Delicate to purchase a new index number. Delicate now argues the court erred in severing the cross claims for trial instead of automatically converting them into a third third-party action under the Mraz action's index number.

To the extent Delicate still maintains that it was error for the court not to automatically convert its cross claims into a third-party action, the appeal is moot, because such relief was granted on reargument. The purchase of a new index number was necessary because the Mraz third-party complaint had been dismissed in its entirety, taking with it the court's jurisdiction over Beacon and Babylon, since no other entity in this litigation had directly sued Beacon and Babylon.

Delicate is correct, however, that the court erred in severing its third-party action. Severance of a cross claim is a discretionary measure that should be exercised sparingly, and where, as here, there are factual and legal issues common to the main action and Delicate's third-party action, that exercise was improvident (*see Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). The interests of judicial economy will be served by having a single trial.

On Delicate's cross claim for contribution and indemnification, the court correctly determined that issues of fact precluded summary judgment in favor of Beacon and Babylon. Concur— Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ.