■ FRANCISCO GARCIA, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents, and SAFEWAY CONSTRUCTION ENTERPRISES, INC., Respondent-Appellant. (And a Third-Party Action.) [952 NYS2d 133]—

Supreme Court properly granted summary judgment to subcontractor Kaila, in this trip-and-fall action, since there is no evidence in the record that it caused or created the defective condition of the sidewalk (*see Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]; *Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500 [1st Dept 2008]). The deposition testimony and affidavit of Kaila's principal stating that Kaila did not replace the sidewalk until around several months after plaintiff's accident were sufficient to establish its prima facie entitlement to judgment as a matter of law. In opposition, plaintiff and Safeway failed to raise a triable issue of fact.

Supreme Court, however, improperly granted 1515 Bruckner's motion for summary judgment. As the owner of the property abutting the sidewalk, 1515 Bruckner was responsible for maintaining the sidewalk in a reasonably safe condition (Administrative Code of City of NY § 7-201 [a]). On a motion for summary judgment, a property owner has the initial burden of demonstrating that it neither created the defective condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*Khaimova v City of New York*, 95 AD3d 1280, 1282 [2012]). Here, in its summary judgment motion, 1515 Bruckner failed to demonstrate that it did not have actual or constructive notice of the defective condition (*see Spector v Cushman & Wakefield, Inc.*, 87 AD3d 422, 423 [2011]).

Safeway's cross motion for summary judgment was properly denied, since issues of fact exist as to whether Safeway, as the excavation contractor, actually made cuts in the sidewalk and replaced that area of the sidewalk with a metal plate and asphalt, creating the allegedly dangerous condition (*see Barbitsch v City of New York*, 241 AD2d 472 [2d Dept 1997]).

The City provided both a reasonable excuse and a meritorious defense to the action to warrant vacatur of the court's order striking its answer and imposition of a lesser sanction of $5,000 in costs (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213 [1st Dept 2002]). The City explained that it had failed to comply with court-ordered discovery due, in large part, to its inability to obtain the identity of the emergency medical technicians who

responded to the scene of plaintiff's accident. Con Edison, which agreed to defend and indemnify the City, also expended various efforts in attempting to obtain the necessary information. Further, Con Edison, which has not defaulted in providing discovery, would be unfairly penalized if the City's answer is stricken (*see McGarr v Guardian Life Ins. Co. of Am.*, 19 AD3d 254, 256-257 [1st Dept 2005]; *see also Magee v City of New York*, 242 AD2d 239, 239-240 [1st Dept 1997]). Concur—Saxe, J.P., Sweeny, Richter and Abdus-Salaam, JJ.