Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 24, 2012, which granted defendant Chelmsford Contracting Corp.’s motion for summary judgment dismissing the claims and any cross claims against it, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that she was injured when she stepped into a hole in the street next to the sidewalk curb, which had been installed by defendant Chelmsford one to four months earlier. Chelmsford had been retained by the City to install new pedestrian ramps in various locations, and had obtained a street opening permit for each site. In support of its motion for summary judgment, Chelmsford relied on the testimony of its project manager that the City had signed off on its work, and argued that it was therefore free of liability. However, in order to be entitled to summary judgment dismissing the complaint, Chelmsford was required to establish prima facie that it did not cause or create the hole that allegedly caused plaintiffs fall (see Garcia v City of New York, 99 AD3d 491 [1st Dept 2012]; Shechter v City of New York, 17 AD3d 124, 125 [1st Dept 2005]; Field v City of New York, 302 AD2d 223 [1st Dept 2003]). The City’s acceptance of Chelmsford’s work did not immunize it from liability, if it created the defect (see Brown v Welsbach Corp., 301 NY 202 [1950]). Nor was it entitled to summary judgment because the work was completed a month to four months before the accident (see Hayes v DeMicco Bros., Inc., 34 AD3d 641 [2d Dept 2006]).
*525 Defendant’s failure to make such an initial showing requires the denial of the motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In any event, the motion court should not have granted summary judgment in favor of defendant based on its determination that plaintiffs testimony concerning the nature of the defect in the street was not credible, particularly in the absence of any evidence contradicting her testimony that there was a hole in the street (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [1974]). Concur—Mazzarelli, J.E, Saxe, Moskowitz and Manzanet-Daniels, JJ.