■ FIRST REPUBLIC BANK, Respondent, v LAWRENCE SALANDER et al., Defendants, and WACHOVIA BANK NATIONAL ASSOCIA-

TION, Appellant. [15 NYS3d 703]—In an action to foreclose a mortgage, the defendant Wachovia Bank National Association appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated January 14, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it and for an order of reference, and denied its cross motion to vacate its default in answering and pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer and counterclaims, (2) from an order of reference of the same court, also dated January 14, 2013, (3) from an amended order of reference of the same court dated February 5, 2013, and (4) from a judgment of foreclosure and sale of the same court dated July 10, 2013.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Greenpoint Mtge. Funding, Inc. v Odums*, 113 AD3d 818 [2014]).

"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (*HSBC Bank USA, N.A. v Rotimi*, 121 AD3d 855, 855 [2014]).

Here, the Supreme Court properly exercised its discretion in denying the appellant's cross motion to vacate its default in answering and to compel the plaintiff to accept its late answer and counterclaims. Regardless of whether the appellant established a reasonable excuse for its default, it failed to demonstrate the existence of a potentially meritorious defense to the action (*see Beneficial Homeowner Serv. Corp. v Charles*, 95 AD3d 1049 [2012]; *Moriano v Provident N.Y. Bancorp*, 71 AD3d 747 [2010]). The arguments proffered by the appellant for the first time in reply to the plaintiff's opposition to the appellant's cross motion were not properly before the Supreme Court (*see Parkin v Ederer*, 27 AD3d 633 [2006]).

The parties' remaining contentions are without merit or have

been rendered academic in light of our determination. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.