Hussain v City of New York (2020 NY Slip Op 00579)





Hussain v City of New York


2020 NY Slip Op 00579


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-10868
 (Index No. 11696/13)

[*1]Tahir Hussain, respondent,
v
City of New York, et al., appellants.


Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 14, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants National Grid Energy Management, LLC, National Grid Energy Services, LLC, National Grid Engineering & Survey, Inc., and National Grid Technologies, Inc., and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when, while operating his vehicle on Mermaid Avenue, between Stillwell Avenue and West 15th Street, he drove over a steel plate in the roadway, which slid and "stood up," causing the front of the plaintiff's vehicle to go down into a hole. The plaintiff commenced this action against National Grid Energy Management, LLC, National Grid Energy Services, LLC, National Grid Engineering & Survey, Inc., and National Grid Technologies, Inc. (hereinafter collectively the National Grid defendants), and the City of New York. Around the time of the accident, a utility company related to the National Grid defendants obtained a permit to install a new gas main on West 15th Street. The installation required work to be performed on Mermaid Avenue. The utility company retained a contractor to perform the work.
The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the National Grid defendants did not create the alleged hazardous condition and could not be held liable for the negligence of their independent contractor. In reply to the plaintiff's opposition, the defendants argued, among other things, that the City was entitled to summary judgment dismissing the complaint insofar as asserted against it since the plaintiff had failed to plead and prove that the City had prior written notice of the defect. The Supreme Court denied the motion, and the defendants appeal.
Generally, "a party who retains an independent contractor, as distinguished from a [*2]mere employee or servant, is not liable for the independent contractor's negligent acts" (Kleeman v Rheingold, 81 NY2d 270, 273; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258). "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, based upon the plaintiff's pleadings, the defendants established their entitlement to judgment dismissing the complaint insofar as asserted against the National Grid defendants by demonstrating, prima facie, that the National Grid defendants could not be held liable for the alleged defect which was allegedly created by their independent contractor (see Miller v Infohighway Communications Corp., 115 AD3d 713, 715). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the National Grid defendants were vicariously liable for their independent contractor's negligence because they assumed a duty by contract (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 259-260). Contrary to the plaintiff's contention, since he raised this argument for the first time in opposition to the motion, the defendants properly submitted evidence to respond to it in their reply papers (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the National Grid defendants.
The defendants' contention that the City was entitled to summary judgment dismissing the complaint insofar as asserted against it because the plaintiff had failed to plead and prove that it had prior written notice of the condition, was improperly raised for the first time in their reply papers (see Matter of Krausz v Ashkenazi, 147 AD3d 949, 951; First Republic Bank v Salander, 131 AD3d 668, 669; Ramsarup v Rutgers Cas. Ins. Co., 98 AD3d 494, 496). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court