**Rojas v City of New York**

2025 NY Slip Op 31762(U)

May 14, 2025

Supreme Court, New York County

Docket Number: Index No. 453112/2017

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**                    PART                    05M

*Justice*

-----------------------------------------------------------------------------X

AURORA ROJAS,

Plaintiff,

- v -

THE CITY OF NEW YORK, CONSOLIDATED EDISON COMPANY OF NEW YORK, JRM CONSTRUCTION MANAGEMENT, LLC, ISMAEL GARCIA,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 453112/2017 |
| MOTION DATE | |
| MOTION SEQ. NO. | 003 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 115, 185, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217

were read on this motion for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 172, 174, 250

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 251, 252, 253, 254, 255, 256, 257, 258, 259, 272, 273, 274, 275, 276, 277, 278, 279, 280

were read on this motion for                    SUMMARY JUDGMENT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 249, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 281, 282, 283

were read on this motion for                    SUMMARY JUDGMENT                    .

Defendant the City of New York (hereinafter, "the City") moves pursuant to CPLR § 3212 for summary judgment seeking dismissal of the complaint and all cross-claims in both consolidated actions (*Garcia v. City of New York*, Index No. 159635/2016, and *Rojas v. City of New York*, Index No. 453112/2017), contending it neither received prior written notice of the alleged defective condition nor affirmatively created or caused the hazardous condition that purportedly injured Plaintiffs Ismael Garcia and Aurora Rojas on November 15, 2015. Separately, Danella Construction of NY, Inc. ("Danella") moves to dismiss Con Edison's third-party complaints and all cross-claims against it, arguing (a) its work did not cause or contribute to any missing or

453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK
Motion No.  003 004 005 006

Page 1 of 8

1 of 8

defective manhole cover; (b) it owes no common-law or contractual indemnification absent proof of its negligence; and (c) it procured the insurance required by its contract. In addition, Ismael Garcia moves for summary judgment dismissing Plaintiff Rojas's claims against him on the ground she has suffered no "serious injury" under Insurance Law § 5102(d). Finally, Consolidated Edison Company of New York, Inc. ("Con Edison") moves to dismiss Plaintiffs' claims against it, asserting (a) neither its own work nor that of its contractor (Danella) caused the accident; (b) no notice of defect; and (c) if any liability, Danella must indemnify Con Edison for all defense costs under their Purchase Order.

## BACKGROUND

Plaintiff/Defendant Ismael Garcia ("Mr. Garcia") alleges that on November 15, 2015, while driving a 2014 Honda vehicle uptown on First Avenue near East 9th Street, his car struck an open or defective manhole, resulting in personal injuries to both himself and his wife, Plaintiff Aurora Rojas ("Ms. Rojas"), a passenger in the vehicle at the time. Ms. Rojas was seated in the rear driver's side seat and attested in her affidavit to hearing a loud "bang" and feeling the vehicle shake violently at the time of the incident.

Mr. Garcia initiated an action against the City, Con Edison, JRM Construction Management, and A-1 Sewer & Watermain Contractors Corp. in 2016, followed by Ms. Rojas' separate action in 2017. The two actions were subsequently consolidated for joint discovery and trial.

## ARGUMENTS

The City contends that pursuant to Administrative Code § 7-201(c)(2), it may not be held liable absent prior written notice of the defect. It argues that its comprehensive DOT and DEP record searches uncovered no notice of an open manhole cover at the relevant location. The City also asserts that it did not affirmatively create the defect through negligent repairs or maintenance and therefore cannot be held liable under the narrow "affirmative negligence" exception to the notice requirement.

Danella argues that its work was completed two days prior to the accident, and its superintendent personally inspected and secured the manhole covers. Danella maintains that no evidence suggests it caused or contributed to the condition. It further argues that Con Edison cannot sustain common-law or contractual indemnity claims absent proof of Danella's negligence. Danella also contends that it fully satisfied its obligation to procure insurance and name Con Edison as an additional insured.

Mr. Garcia asserts that Ms. Rojas has failed to demonstrate that she sustained a "serious injury" within the meaning of Insurance Law § 5102(d). He contends that her injuries, consisting primarily of soft-tissue complaints and an arthroscopic shoulder surgery, do not rise to the level required by statute. Mr. Garcia further notes that Ms. Rojas did not miss 90 out of the 180 days of

453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK
Motion No.  003 004 005 006

Page 2 of 8

2 of 8

customary daily activities, nor has she established a permanent consequential or significant limitation of use.[1]

Con Edison contends that it neither owned, operated, nor maintained the subject manhole cover. It avers that it hired Danella to perform utility-related roadway work, and Danella completed all work in compliance with contractual requirements. Con Edison argues that there is no evidence that either it or Danella caused the defect or had notice of it. It alternatively seeks contractual indemnification from Danella for all costs of defense and any potential liability.

DISCUSSION

A party seeking summary judgment bears the initial burden of establishing prima facie entitlement to judgment as a matter of law, eliminating all material issues of fact (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If the movant meets this burden, the opponent must produce admissible evidence sufficient to raise a triable issue (*Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 [1980]). Summary judgment is warranted when the movant demonstrates the absence of material factual disputes and entitlement to judgment as a matter of law (CPLR § 3212[b]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman*, 49 NY2d 557, *supra*).

### I.      The City's Motion

New York City Administrative Code § 7-201(c)(2) provides that liability may be imposed on the City only if it had prior written notice of a defect, or if it affirmatively created the defect through negligence. The law was enacted to limit municipal exposure to liability for conditions it did not know about (*see Barry v. Niagara Frontier Transit Sys., Inc.*, 35 NY2d 629, 633 [1974]).

Here, the City submitted DOT and DEP records indicating it received no such notice of a defective manhole at or near First Avenue and East 9th Street prior to November 15, 2015. This satisfies its burden on the issue of prior written notice (*see Katz v. City of New York*, 87 NY2d 241 [1995]; *Baez v. City of New York*, 236 AD2d 305 [1st Dept 1997]).

To circumvent this requirement, Plaintiffs argue the affirmative negligence exception applies. However, to trigger this exception, Plaintiffs must show that City action "immediately resulted in the existence of a dangerous condition" (*Yarborough v. City of New York,* 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888 [2007]). Plaintiffs have not done so. While they note that Danella, working under a Con Edison permit, performed work near the site just two days prior to the incident, they offer no evidence that the City itself performed work at the site, directed such work, or that any City-permitted work created the defect in an immediately hazardous condition.

---

[1] Following oral argument held on May 6, 2025, the court granted leave for counsel for Mr. Garcia to file a reply affirmation, in which counsel reiterates that Mr. Garcia has made a prima facie showing of entitlement to summary judgment by relying on the expert reports of Dr. Bazos and Dr. Brandoff. In contrast, counsel for Mr. Garcia argues that Plaintiff relies solely on the untested opinions of Dr. Haar—premised in part on unsworn and uncertified medical records that lack probative value absent proper affirmation or certification. Moreover, counsel for Mr. Garcia contends that Plaintiff offers no affidavit from Dr. Deborah Allen—the only treating physician in a position to speak to causation.

**453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK**                                                                **Page 3 of 8**
**Motion No.  003 004 005 006**

3 of 8

[* 3]

Moreover, the fact that Danella worked under a Con Edison contract, not directly for the City, is fatal to this argument. As the Court of Appeals noted in *Amabile v. City of Buffalo*, 93 NY2d 471 (1999), municipal liability requires either direct action or a legal relationship establishing agency. There is no evidence that Danella was an agent or contractor of the City. "The mere issuance of a permit does not convert the permittee or its contractor into an agent of the City" (*see Poirer v. City of Schenectady*, 85 NY2d 310 [1995]).

Plaintiffs argue the City's motion is defective under CPLR § 2214(a) and § 3212(b) because it fails to include both complaints. However, given the procedural consolidation of the two cases for joint discovery and trial, and given that the motion clearly seeks dismissal of all claims, the court finds this a hyper technical objection without prejudice to Plaintiffs. Substantial compliance and clarity of the motion's intent are evident (*see Welch v. Hauck*, 18 AD3d 1096 [4th Dept 2005]).

In response to the City's prima facie showing, Plaintiffs have failed to raise a triable issue of fact. Both Plaintiffs testified to hearing and feeling a "bang" but provided no independent evidence that the City created or had notice of the alleged defect. Their arguments amount to speculation and conjecture, which are insufficient to defeat summary judgment (*see Elstein v. City of New York*, 209 AD2d 186 [1st Dept 1994]; *Cruz v. Otis El. Co.*, 238 AD2d 540 [2d Dept 1997]).

In sum, the City has met its prima facie burden of establishing that it did not have prior written notice of the allegedly defective condition and that it did not affirmatively cause or create the hazard. Plaintiffs fail to raise a triable issue of material fact to overcome this showing. The court finds no merit to the procedural objections asserted by Plaintiffs. As such, the City's motion is granted in its entirety.

### II.    Con Edison's Motion

Con Edison seeks dismissal of all direct claims asserted against it by Plaintiffs, arguing that it neither owned nor maintained the manhole cover in question, and that no evidence exists to show it had actual or constructive notice of any defect. Con Edison also seeks contractual indemnification from Danella for defense costs and any liability that might arise from the underlying claims.

The court finds that Con Edison has established its entitlement to summary judgment as a matter of law. The record demonstrates that Con Edison was not in direct control of the manhole at the time of the incident, and that it had retained Danella, an independent contractor, to perform the roadway restoration. There is no evidence that Con Edison's own employees created, exacerbated, or failed to correct the defect. The absence of prior written complaints or internal records regarding any defect at or near the subject location further supports the conclusion that Con Edison lacked notice. Likewise, according to Mr. Wu's affidavit and deposition, all pertinent work—namely excavation and manhole repairs—was performed by Danella. Con Edison's inspection and approval of Danella's work does not constitute an affirmative act (*see Corprew v. City of New York*, 106 AD3d 524 [1st Dept 2013]; *Salop v. City of New York*, 246 AD2d 305 [1st Dept 1998]).

**453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK**                                      **Page 4 of 8**
  **Motion No.  003 004 005 006**

4 of 8

[* 4]

Under the independent contractor rule, Con Edison cannot be held liable for the acts of Danella absent direct negligence (*see Brothers v. New York State Elec. & Gas Corp.*, 11 NY3d 251 [2008]; *Hussain v. City of New York*, 179 AD3d 1046 [2d Dept 2020]). No triable issue of fact exists regarding Con Edison's role. Indeed, there is no dispute that Danella was acting as an independent contractor. Generally, under the doctrine of respondeat superior, an employer is not vicariously liable for the tortious or negligent acts of an independent contractor. However, common law has carved out certain exceptions to this principle, which fall into three broad categories: (1) the employer's own negligence in hiring, instructing, or supervising the contractor; (2) the engagement of a contractor to perform work that is inherently dangerous; and (3) situations involving a nondelegable duty imposed on the employer (*Maristany v. Patient Support Services, Inc.*, 264 AD2d 302 [1st Dept 1999]). None of these exceptions are applicable in this case.

As the Court of Appeals has consistently held, a party that neither created a hazardous condition nor had actual or constructive notice of its existence cannot be held liable in negligence (*Gordon v. American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiffs' opposition to Con Edison's motion is based largely on speculation and proximity—insufficient grounds to raise a triable issue. Accordingly, Con Edison's motion for summary judgment dismissing Plaintiffs' claims is granted.

The dismissal of Plaintiffs' claims as against Con Edison renders Con Edison's motion for contractual indemnification as against Danella moot. Additionally, the dismissal of the main action on summary judgment in favor of Con Edison implicates the viability of the third-party complaint against Danella. Under CPLR § 1010, the court may dismiss a third-party complaint or sever it for separate trial "in furtherance of convenience or to avoid prejudice." Where, as here, the main action has been finally adjudicated with respect to Con Edison, the third-party complaint does not remain pending automatically. As the Appellate Division, First Department, has explained, absent a severance order, dismissal of the main complaint typically results in termination of the third-party claims as well (*see Cole v. Mraz*, 77 AD3d 526 [1st Dept 2010][dismissing third-party complaint upon summary judgment in favor of the main defendant, and noting that the court's jurisdiction over the third-party defendants was extinguished]). In keeping with this rule, and in the absence of any motion to sever the third-party complaint prior to resolution of the main action, the court declines to retain jurisdiction over the third-party claims.

The nature of Con Edison's third-party claims further informs this result. To the extent Con Edison seeks common-law indemnity against Danella, such a claim necessarily fails in light of the court's finding that Con Edison bears no liability to Plaintiff. Where the predicate for common-law indemnification is a finding of vicarious liability without fault, the absence of such liability extinguishes the indemnity claim (*Campbell v. Cobblestone Rest. of Geneva, LLC*, 78 Misc.3d 1216(A) [Sup. Ct. Monroe County Feb. 10, 2023]). Any remaining right to indemnification must therefore arise, if at all, from contract. Con Edison may be entitled to pursue a contractual indemnification claim against Danella based on the terms of their agreement, even in the absence of any finding of negligence or liability against Con Edison (*see Olivieri v. Barnes & Noble, Inc.*, 208 AD3d 1001 [4th Dept 2022][recognizing enforceability of indemnification provisions that are not conditioned on a finding of fault]). However, such a claim must now be pursued in a separate plenary action, with a new index number, consistent with CPLR § 1010.

453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK
Motion No.  003 004 005 006

Page 5 of 8

Nothing in this decision prevents Plaintiff from asserting an independent cause of action against Danella in a separate lawsuit. Although Plaintiff did not name Danella as a defendant in the original complaint, CPLR § 1002 permits permissive joinder, and Plaintiff was under no obligation to join the third-party defendant. Moreover, because Plaintiff was never in privity with Con Edison or Danella in the third-party action, neither claim nor issue preclusion would bar such an action (*see* CPLR §1001[a]). Any such future action by Plaintiff against Danella would be subject to independent limitations and defenses but is procedurally permissible under New York law.

### III.    Danella's Motion

Danella, the contractor retained by Con Edison to perform utility work at the subject location, contends that it is entitled to dismissal of all claims and cross-claims on the grounds that its work was completed two days prior to the accident and that the manhole covers were left properly seated and secured. The company further argues that no triable issue of fact exists as to its involvement in creating or contributing to the hazardous condition, and that in any event, it satisfied its insurance procurement obligations under its contract with Con Edison.

While Danella's position is supported by the sworn affidavit of its superintendent, who states that all four manhole covers on the subject block were intact and secure on November 13, 2015, this prima facie showing does not eliminate material factual issues. The record is unrefuted that on November 15, 2015, Mr. Garcia encountered an open manhole, which caused a significant jolt to his vehicle. That incident occurred less than 48 hours after Danella completed its work.

The close temporal proximity between Danella's restoration work and the incident gives rise to a plausible inference that the manhole cover may not have been adequately secured, or that it was left in a condition that allowed it to become dislodged due to ordinary roadway use. Whether the cover was already dislodged prior to Mr. Garcia's arrival, or whether it became dislodged as a result of the impact of his vehicle, are both open questions that a factfinder must resolve. Summary judgment is thus inappropriate where, as here, the circumstantial evidence permits conflicting inferences regarding causation.

Questions of fact preclude summary judgment as to Danella's role in the creation or exacerbation of the alleged hazard. Moreover, because theoretically a finding of negligence against Danella would be essential to the resolution of Con Edison's contribution and common-law indemnification claims, granting Danella summary judgment on such claims would be inappropriate where, as here, factual disputes remain as to whether Danella's conduct was negligent (*McCarthy v. Turner Constr., Inc.*, 17 NY3d 369, 377 [2011]).[2]

Accordingly, Danella's motion for summary judgment—predicated on its assertion that it completed its work at the site on November 13, 2015, two days prior to the incident, and that the manholes were properly sealed—is denied. Likewise, Danella's motion is denied to the extent it seeks dismissal of Con Edison's claims for contribution and common-law indemnification, which

---

[2] That said, the court recognizes that it has already independently found that Con Edison is not negligent.

**453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK**                                    **Page 6 of 8**
**Motion No.  003 004 005 006**

6 of 8

[* 6]

are based on the contention that all manholes were properly closed and covered and that the alleged defect did not originate from Danella's work.

### IV.  Mr. Garcia's Motion

Mr. Garcia seeks summary judgment against his co-plaintiff and spouse, Ms. Rojas, asserting that she did not sustain a "serious injury" within the meaning of Insurance Law § 5102(d). Garcia points to Rojas's medical records, which document largely conservative treatment and a recovery that did not interfere with her daily activities for 90 of the first 180 days following the accident.

Although Mr. Garcia's motion raises valid questions regarding the sufficiency of Ms. Rojas's injuries, the court finds that issues of fact exist that preclude dismissal at this stage. Ms. Rojas underwent arthroscopic surgery on her right shoulder and provided deposition testimony regarding her ongoing pain and limitations. Whether these impairments satisfy the statutory definition of "serious injury" under Insurance Law § 5102(d) is a question of fact best resolved by the trier of fact (*see Toure v. Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Perl v. Meher*, 18 NY3d 208 [2011]).

Accordingly, Mr. Garcia's motion for summary judgment is denied.

It is hereby

ORDERED that the motion of Defendant THE CITY OF NEW YORK for summary judgment is granted, and the verified complaint of Plaintiff AURORA ROJAS is dismissed in its entirety as against Defendant THE CITY OF NEW YORK; and it is further

ORDERED that the motion of Third-Party Defendant DANELLA CONSTRUCTION OF NY, INC. for summary judgment is denied; and it is further

ORDERED that the motion of Defendant/Third-Party Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. for summary judgment dismissing Plaintiffs' complaint and cross-claims against it is granted; and it is further

ORDERED that the motion of Defendant/Third-Party Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. for summary judgment on its third-party contractual indemnification claim against DANELLA CONSTRUCTION OF NY, INC.is denied as moot; and it is further

ORDERED that, in light of the dismissal of Plaintiff's complaint and absent any motion for severance under CPLR § 1010, the third-party complaint filed by CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. against DANELLA CONSTRUCTION OF NY, INC. is hereby dismissed, without prejudice to the commencement of a separate plenary action for contractual indemnification, to the extent such a claim exists independent of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.'s liability in the main action; and it is further

453112/2017   ROJAS, AURORA vs. CITY OF NEW YORK
Motion No.  003 004 005 006

Page 7 of 8

7 of 8

ORDERED that any claims for common-law indemnification asserted by CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. against Defendant THE CITY OF NEW YORK are dismissed with prejudice, as CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. has been exonerated from liability in the main action and therefore cannot maintain an indemnity claim arising from the same; and it is further

ORDERED that the verified complaint of Plaintiff AURORA ROJAS is dismissed in its entirety as against Defendant THE CITY OF NEW YORK, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. with costs and disbursements to said Defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the caption shall be amended to remove Defendant THE CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. from this action; and it is further

ORDERED that Defendant ISMAEL GARCIA's motion for summary judgment is denied in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the verified complaint as against Defendants THE CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., and to amend the caption of the action accordingly; and it is further

ORDERED that, as Defendant THE CITY OF NEW YORK is no longer a party to this action, any further proceedings between the remaining parties shall be conducted following reassignment of the case to a general IAS Part.

This constitutes the decision and order of the court.

| 5/14/2025 | | HASA A. KINGO, J.S.C. |
|-----------|--|------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|--------------|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

453112/2017  ROJAS, AURORA vs. CITY OF NEW YORK
Motion No.  003 004 005 006

Page 8 of 8

8 of 8