**Garcia v City of New York**

2025 NY Slip Op 31760(U)

May 14, 2025

Supreme Court, New York County

Docket Number: Index No. 159635/2016

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**      PART      05M

*Justice*

-------------------------------------------------------------------------------X

ISMAEL GARCIA,

         Plaintiff,

- v -

THE CITY OF NEW YORK, CONSOLIDATED EDISON COMPANY OF NEW YORK, JRM CONTRUCTION CORP., A-1 SEWER & WATERMAIN CONTRACTORS CORP.,

         Defendant.

-------------------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK

         Plaintiff,

-against-

DANELLA CONSTRUCTION OF NY, INC.

         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159635/2016 |
| MOTION DATE | N/A, N/A, N/A |
| MOTION SEQ. NO. | 006 007 008 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595606/2019

The following e-filed documents, listed by NYSCEF document number (Motion 006) 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 151, 207, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234

were read on this motion for            DISMISSAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 266

were read on this motion for            SUMMARY JUDGMENT            .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280

were read on this motion for            SUMMARY JUDGMENT            .

       This matter involves several motions for summary judgment. First, Defendant THE CITY OF NEW YORK ("the City") moves pursuant to CPLR § 3212 for summary judgment dismissing

159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK        Page 1 of 7
Motion No. 006 007 008

1 of 7

Plaintiff Ismael Garcia's verified complaint, arguing lack of prior written notice and absence of any affirmative negligence. Second, Third-Party Defendant DANELLA CONSTRUCTION OF NY, INC. ("Danella") moves for summary judgment dismissing all third-party complaints and cross-claims asserted by Defendant/Third-Party Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("Con Edison"), asserting it did not create or contribute to the alleged hazardous condition. Third, Con Edison seeks summary judgment on its own behalf dismissing the complaint and cross-claims against it and, alternatively, seeks summary judgment on its third-party contractual indemnification claim against Danella, including a judicial declaration that Danella must defend and indemnify Con Edison and reimburse it for all past defense costs.

## BACKGROUND AND PROCEDURAL HISTORY

This consolidated personal injury action arises from a November 15, 2015, incident on First Avenue near East 9th Street in Manhattan, when Plaintiff Garcia's ("Plaintiff," "Garcia") vehicle allegedly struck an open manhole, resulting in injuries to himself and passenger Aurora Rojas ("Rojas"). Garcia commenced Action No. 1 by filing a summons and complaint on or about November 16, 2016. Rojas initiated a related action (Action No. 2) in 2017. These were consolidated by an order dated November 12, 2019.

Con Edison subsequently commenced third-party actions against Danella seeking common law and contractual indemnification. Discovery included depositions of the plaintiffs, Charles Agro (Danella's superintendent), and Jefferson Wu (a Con Edison record searcher). Danella submitted photographic evidence, testimony, and affidavits confirming the work at the site was completed two days before the accident and that all manholes were securely covered.

## ARGUMENTS

The City argues it is entitled to summary judgment because it did not receive prior written notice of any defective condition as required under Administrative Code § 7-201(c)(2), and it did not affirmatively create the defect. Plaintiffs dispute these assertions and argue factual questions preclude summary judgment.

Danella seeks dismissal of the third-party complaints and cross-claims, asserting it completed its work two days prior to the accident and left the site in safe condition. Danella offers photographic evidence showing that all manholes were properly closed and covered, and further argues that the alleged defect did not stem from its work. Danella also asserts that it complied fully with its contractual obligations, including procuring required insurance coverage and naming Con Edison and the City as additional insureds.

Con Edison opposes Danella's motion and independently moves for summary judgment dismissing the complaint and cross-claims against it, arguing that it did not cause or create the defect and cannot be held liable for the actions of an independent contractor. Con Edison also seeks judgment on its contractual indemnification claim against Danella based on the clear terms of their agreement.

159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK                         Page 2 of 7
Motion No.  006 007 008

2 of 7

[* 2]

## DISCUSSION

To prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]). Summary judgment is warranted when the movant demonstrates the absence of material factual disputes and entitlement to judgment as a matter of law (CPLR § 3212[b]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v. City of New York*, 49 NY2d 557 [1980]).

### A. The City's Motion: Prior Written Notice and Lack of Affirmative Negligence

Administrative Code § 7-201(c)(2) bars tort claims against the City arising from street or sidewalk defects unless the City received prior written notice of the alleged condition at least 15 days before the accident. Courts strictly enforce this requirement (*see Katz v. City of New York*, 87 NY2d 241 [1995]; *Amabile v. City of Buffalo*, 93 NY2d 471[1999]).

Here, the City's record searches through DOT and DEP confirmed no prior written notice existed of a defective manhole at the incident location, as required by Administrative Code § 7-201(c)(2). Courts strictly enforce this requirement (*see Katz*, 87 NY2d 241, *supra*). As in *Baez v. City of New York*, 236 AD2d 305 (1st Dept 1997), here the absence of such notice mandates dismissal.

Plaintiffs failed to submit any admissible proof of prior written notice. Generalized complaints regarding potholes, street depressions, or lane markings do not satisfy the statute (*D'Onofrio v. City of New York*, 11 NY3d 581 [2008]). The Big Apple Map likewise does not depict any defect at the precise location (*see Belmonte v. Metro Life Ins. Co.*, 304 AD2d 471 [1st Dept 2003]).

Nevertheless, an exception exists to the preceding where the municipality affirmatively creates a defect through negligence (*Yarborough v. City of New York*, 10 NY3d 726 [2008]). However, this exception is narrowly construed and requires proof that the City's work immediately resulted in a hazardous condition (*Oboler v. City of New York*, 8 NY3d 888 [2007]). Plaintiffs offer no such evidence. The City submitted DOT and DEP records showing no recent street work at the location by the City or its contractors. The last City-related work—sidewalk reconstruction—occurred over a year before the incident. Such temporal remoteness precludes a finding of immediate causation (*Bielecki v. City of New York*, 14 AD3d 301 [1st Dept 2005]). Mere allegations of City negligence are conclusory and insufficient to defeat summary judgment (*Villaret v. City of New York*, 236 AD2d 216 [1st Dept 1997]). Here, Plaintiffs fail to demonstrate that the City created the defect through an affirmative act that proximately caused the injuries.

Finally, it is axiomatic that summary judgment on behalf of the City is appropriate here notwithstanding the stage of the litigation. As the Court of Appeals has observed, a properly supported summary judgment motion should not be denied out of misplaced timidity (*Brill v. City*

159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK                                      Page 3 of 7
Motion No.  006 007 008

3 of 7

*of New York*, 2 NY3d 648, 651 [2004]). Where, as here, the record compels only one conclusion, dismissal at the summary stage preserves judicial resources and spares the parties needless expense (*see Disabato v. Soffes*, 9 AD2d 297, 299 [1st Dept 1959]).

The City has met its prima facie burden of demonstrating that it neither received prior written notice of the alleged defective condition nor affirmatively created it. Plaintiffs failed to raise a triable issue of fact to the contrary. Accordingly, the City's motion is granted.

### B. Danella's Motion for Summary Judgment

Danella presented evidence that it completed its work at the site on November 13, 2015—two days before the incident—and left the manholes sealed. Photographs taken by Danella's workers confirm that the manhole covers were closed. Danella's superintendent testified that the concrete work was complete and flush with the roadway. Under these circumstances, Danella has satisfied its prima facie burden of establishing that it cannot be held liable for contribution or indemnity (*see Espinal v. Melville Snow Contrs*., 98 NY2d 136 [2002]; *McCarthy v. Turner Constr., Inc*., 17 NY3d 369 [2011]). However, while Danella has offered sworn testimony that its work was completed on November 13, 2015, and that the manhole covers were properly seated and secured at that time, the incident at issue occurred just two days later. Plaintiff Garcia drove over a manhole that allegedly was at that point uncovered, causing a loud bang and a jolt to the vehicle. This raises a legitimate question as to whether Danella's work, though perhaps facially compliant, left the manhole covers in a condition that permitted them to become dislodged or removed—either by external forces, weather, vibration, or traffic. Alternatively, a factual issue exists as to whether the cover was never properly fastened in the first place.

Though Danella argues that it is not responsible, the short time span between the conclusion of the work and the incident suggests that a reasonable jury could infer a causal relationship. As such, questions of fact preclude summary judgment as to Danella's role in the creation or exacerbation of the alleged hazard. Moreover, because a finding of negligence is essential to the resolution of Con Edison's contribution and common-law indemnification claims, granting Danella summary judgment on such claims would be inappropriate where, as here, factual disputes remain as to whether Danella's conduct was negligent (*McCarthy v. Turner Constr., Inc.*, 17 NY3d 369, 377 [2011]).

Accordingly, Danella's motion for summary judgment—predicated on its assertion that it completed its work at the site on November 13, 2015, two days prior to the incident, and that the manholes were properly sealed—is denied. Likewise, Danella's motion is denied to the extent it seeks dismissal of Con Edison's claims for contribution and common-law indemnification, which are based on the contention that all manholes were properly closed and covered and that the alleged defect did not originate from Danella's work.

### C. Con Edison's Motion for Summary Judgment

The record is replete with evidence that Con Edison performed no work itself at the location of the alleged defect. According to Mr. Wu's affidavit and deposition, all pertinent work—namely excavation and manhole repairs—was performed by Danella. Con Edison's inspection and

**159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK**
**Motion No.  006 007 008**

**Page 4 of 7**

4 of 7

[* 4]

approval of Danella's work does not constitute an affirmative act (*see Corprew v. City of New York*, 106 AD3d 524 [1st Dept 2013]; *Salop v. City of New York*, 246 AD2d 305 [1st Dept 1998]).

Under the independent contractor rule, Con Edison cannot be held liable for the acts of Danella absent direct negligence (*see Brothers v. New York State Elec. & Gas Corp.*, 11 NY3d 251 [2008]; *Hussain v. City of New York*, 179 AD3d 1046 [2d Dept 2020]). No triable issue of fact exists regarding Con Edison's role. Indeed, there is no dispute that Danella was acting as an independent contractor. Generally, under the doctrine of respondeat superior, an employer is not vicariously liable for the tortious or negligent acts of an independent contractor. However, common law has carved out certain exceptions to this principle, which fall into three broad categories: (1) the employer's own negligence in hiring, instructing, or supervising the contractor; (2) the engagement of a contractor to perform work that is inherently dangerous; and (3) situations involving a nondelegable duty imposed on the employer (*Maristany v. Patient Support Services, Inc.*, 264 AD2d 302 [1st Dept 1999]). None of these exceptions are applicable in this case. Accordingly, Con Edison's motion for summary judgment dismissing the complaint and cross-claims is granted.

The dismissal of Plaintiffs' claims as against Con Edison renders Con Edison's motion for contractual indemnification as against Danella moot. Additionally, the dismissal of the main action on summary judgment in favor of Con Edison implicates the viability of the third-party complaint against Danella. Under CPLR § 1010, the court may dismiss a third-party complaint or sever it for separate trial "in furtherance of convenience or to avoid prejudice." Where, as here, the main action has been finally adjudicated with respect to Con Edison, the third-party complaint does not remain pending automatically. As the Appellate Division, First Department, has explained, absent a severance order, dismissal of the main complaint typically results in termination of the third-party claims as well (*see Cole v. Mraz*, 77 AD3d 526 [1st Dept 2010][dismissing third-party complaint upon summary judgment in favor of the main defendant, and noting that the court's jurisdiction over the third-party defendants was extinguished]). In keeping with this rule, and in the absence of any motion to sever the third-party complaint prior to resolution of the main action, the court declines to retain jurisdiction over the third-party claims.

The nature of Con Edison's third-party claims further informs this result. To the extent Con Edison seeks common-law indemnity against Danella, such a claim necessarily fails in light of the court's finding that Con Edison bears no liability to Plaintiff. Where the predicate for common-law indemnification is a finding of vicarious liability without fault, the absence of such liability extinguishes the indemnity claim (*Campbell v. Cobblestone Rest. of Geneva, LLC*, 78 Misc.3d 1216(A) [Sup. Ct. Monroe County Feb. 10, 2023]). Any remaining right to indemnification must therefore arise, if at all, from contract. Con Edison may be entitled to pursue a contractual indemnification claim against Danella based on the terms of their agreement, even in the absence of any finding of negligence or liability against Con Edison (*see Olivieri v. Barnes & Noble, Inc.*, 208 AD3d 1001, 1418 [4th Dept 2022][recognizing enforceability of indemnification provisions that are not conditioned on a finding of fault]). However, such a claim must now be pursued in a separate plenary action, with a new index number, consistent with CPLR § 1010.

Nothing in this decision prevents Plaintiff from asserting an independent cause of action against Danella in a separate lawsuit. Although Plaintiff did not name Danella as a defendant in

159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK                                    Page 5 of 7
Motion No.  006 007 008

5 of 7

the original complaint, CPLR § 1002 permits permissive joinder, and Plaintiff was under no obligation to join the third-party defendant. Moreover, because Plaintiff was never in privity with Con Edison or Danella in the third-party action, neither claim nor issue preclusion would bar such an action (*see* CPLR §1001[a]). Any such future action by Plaintiff against Danella would be subject to independent limitations and defenses but is procedurally permissible under New York law.

Accordingly, it is hereby

ORDERED that the motion of Defendant THE CITY OF NEW YORK for summary judgment is granted, and the verified complaint of Plaintiff ISMAEL GARCIA is dismissed in its entirety as against Defendant THE CITY OF NEW YORK; and it is further

ORDERED that the motion of Third-Party Defendant DANELLA CONSTRUCTION OF NY, INC. for summary judgment is denied, as factual disputes remain as to whether Danella's conduct was negligent; and it is further

ORDERED that the motion of Defendant/Third-Party Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. for summary judgment dismissing Plaintiffs' complaint and cross-claims against it is granted; and it is further

ORDERED that the motion of Defendant/Third-Party Plaintiff CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. for summary judgment on its third-party contractual indemnification claim against DANELLA CONSTRUCTION OF NY, INC.is denied as moot; and it is further

ORDERED that, in light of the dismissal of Plaintiff's complaint and absent any motion for severance under CPLR § 1010, the third-party complaint filed by CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. against DANELLA CONSTRUCTION OF NY, INC. is hereby dismissed, without prejudice to the commencement of a separate plenary action for contractual indemnification, to the extent such a claim exists independent of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.'s liability in the main action; and it is further

ORDERED that any claims for common-law indemnification asserted by CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. against Defendant THE CITY OF NEW YORK are dismissed with prejudice, as CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. has been exonerated from liability in the main action and therefore cannot maintain an indemnity claim arising from the same; and it is further

ORDERED that the verified complaint of Plaintiff ISMAEL GARCIA is dismissed in its entirety as against Defendant THE CITY OF NEW YORK, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. with costs and disbursements to said Defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

159635/2016   GARCIA, ISMAEL vs. CITY OF NEW YORK
Motion No.  006 007 008

Page 6 of 7

[* 6]

ORDERED that the caption shall be amended to remove Defendant THE CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. from this action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the verified complaint as against Defendant THE CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. and amend the caption accordingly; and it is further

ORDERED that, as Defendant THE CITY OF NEW YORK is no longer a party to this action, any further proceedings between the remaining parties shall, if necessary, be conducted following reassignment of the case to a general IAS Part.

This constitutes the decision and order of the court.[1]

_____
**5/14/2025**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

CHECK ONE:    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

          [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

---

[1] By order dated January 28, 2020 (NYSCEF Doc. No. 114), the court dismissed all claims against JRM Construction Corp. and A-1 Sewer & Watermain Contractors Corp. Accordingly, this decision and order disposes of this action in its entirety.

**159635/2016  GARCIA, ISMAEL vs. CITY OF NEW YORK**                      **Page 7 of 7**
**Motion No.  006 007 008**